THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA

v.          CR. NO.: 16-00386-001 (FAB)

HUMBERTO LOPEZ-DELGADO

MOTION NOTIFYING VIOLATIONS OF SUPERVISED RELEASE, REQUESTING AN ARREST WARRANT, AND A SHOW CAUSE HEARING

**U.S. PROBATION OFFICER ISRAEL SANCHEZ informs the Court that** on April 25, 2024, Mr. Lopez-Delgado commenced his imposed supervised release term, which is scheduled to expire on April 24, 2027. Since the start of his supervised release, Mr. Lopez-Delgado has violated the following conditions of supervision:

1. **Mandatory Condition #2:** "You must not unlawfully possess a controlled substance."

2. **Mandatory Condition #3:** "You must refrain from any unlawful use of a controlled substance…"

3. **Special Condition #11:** "He shall not possess or use controlled substances unlawfully and shall submit to a drug test within fifteen (15) days of release from imprisonment; after his release, defendant shall submit to random drug testing, not less than three (3) samples during the supervision period, but not more than 104 samples each year, in accordance with the Drug Aftercare Program Policy of the United States Probation Office, as has been approved by this Court. If the illegal use of controlled substances is detected in any sample, defendant shall participate in an impatient or an outpatient substance abuse

1

**treatment program, for evaluation or treatment, as arranged by the Probation Officer; payment shall be based on his ability to pay or the availability of payments by third parties, as approved by the Court."**

On August 20, 2024, Mr. Lopez-Delgado provided a urine specimen that tested positive for fentanyl. On December 17, 2024, he submitted another specimen that tested positive for cannabinoids and benzodiazepines. On March 18, 2025, a third specimen showed positive results for cocaine and cannabinoids. Despite testing positive on all three occasions, Mr. Lopez-Delgado initially denied using any illegal substances. However, when confronted with the test results, he admitted to using controlled substances in each instance.

Mr. Lopez-Delgado has been reminded that he is prohibited from using controlled substances unlawfully and has been reprimanded for violations. Furthermore, the Probation Office has been implementing an action plan with Mr. Lopez-Delgado following an evidence-based and tiered approach, which considers Mr. Lopez-Delgado's social, mental, and physical health needs alongside his contextual circumstances.

Mr. Lopez-Delgado has received contracted outpatient treatment services as part of a dual treatment plan. This means that his treatment providers are addressing both his mental health issues and his substance use disorder. Coordinated by the U.S. Probation Office, Mr. Lopez-Delgado has received psychiatric care, psychological support, group therapy sessions, and inpatient treatment for substance use. Despite this comprehensive treatment plan, he has struggled to maintain a consistent drug-free lifestyle, and his overall well-being has deteriorated.

On April 9, 2025, Mr. Lopez-Delgado's sentimental partner contacted the Probation Officer to inform how Mr. Lopez-Delgado's physical health has deteriorated and that she believed that he has been using unlawful controlled substances. On the same date, the Probation Officer

contacted Mr. Lopez-Delgado, who admitted to using cocaine. In response, Mr. Lopez-Delgado expressed mental instability and requested the opportunity to undergo concurrent treatment at Panamerican Hospital. The Probation Officer granted Mr. Lopez-Delgado the opportunity to benefit from the inpatient services at Panamerican Hospital and offered encouragement and specific instructions to pursue outpatient treatment services upon discharge. On April 14, 2025, Mr. Lopez-Delgado's sister contacted the Probation Officer to inform about Mr. Lopez-Delgado's deterioration and that he had not reported to Panamerican Hospital to receive mental health treatment, as agreed.

On April 14, 2025, Mr. Lopez-Delgado was informed by his Probation Officer that his care level would be increased to require residential treatment for drug use disorders due to his ongoing drug use. However, Mr. Lopez-Delgado refused to participate in this treatment.

Acknowledging that addiction is a chronic medical illness and considering Title 18 U.S.C.§3583, the U.S. Probation Office has provided ample support and treatment alternatives to offer Mr. Lopez-Delgado an opportunity to remain drug-free. However, we have identified through urinalyses and progress discussions with treatment providers and Mr. Lopez-Delgado's verbal admissions that he has not been successful in his efforts to remain drug-free and to be adherent to his treatment plan. Mr. Lopez-Delgado has been reminded on multiple occasions that drug use constitutes a violation of his conditions, has been instructed to refrain from further drug use, has been oriented about the importance of treatment, and has been informed of the potential consequences of additional non-compliance, which may include a revocation proceeding.

The Probation Office has every intent to continue providing needed medical and social services to Mr. Lopez-Delgado to support his recovery from drug recurrence and mental health stability. Nonetheless, U.S. Supervision National Policy recommends that when working with

people under supervision who have known drug use disorders and mental health problems:

"If the Probation Officer observes signs or receives information of a mental health decompensation and drug relapse, the officer must take steps to ensure the safety of the person under supervision and the community."

The Probation Office understands that the information gathered to date about the violations of supervised release, as informed above, reflects risk behaviors associated with drug use that potentially place Mr. Lopez-Delgado at risk of self-harm and may pose a potential harm to public safety. Given his status, deterioration, and violation of supervised release conditions, it is recommended that an arrest warrant be issued to remove him from the community.

**WHEREFORE**, in view of the above-mentioned circumstances, it is respectfully requested that an arrest warrant be issued so that Mr. Lopez-Delgado may be brought before this Court to show cause why his supervised release term should not be revoked.

San Juan, Puerto Rico, April 14, 2025

RESPECTFULLY SUBMITTED,

LUIS O. ENCARNACION,
Chief U.S. Probation Officer

*s/Israel Sánchez-Amaro*
Israel Sánchez-Amaro
U.S. Probation Officer
United States Probation Office
150 Chardón Avenue, Rm. 225
San Juan, P.R. 00918
Tel.: (787) 766-5596
E-mail: israel_sanchez@prp.uscourts.gov

**CERTIFICATE OF SERVICE**

I certify that on this day, I electronically filed this motion with the Clerk of Court using the CM/ECF system, which will send notification of the filing to the parties.

San Juan, Puerto Rico, April 14, 2025

*s/Israel Sanchez-Amaro*
Israel Sánchez-Amaro
U.S. Probation Officer
